# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY BRANUM, | |
| Plaintiff, | |
| v. | 1:22-CV-00313-JB-N |
| ALABAMA POINT VENUE, LLC, | |
| Defendant. | |

## BRANUM'S MOTION FOR SANCTIONS

Ashley Branum moves the Court to impose sanctions on APV and its counsel pursuant to Rule 11, Fed. R. Civ. P., and 28 U.S.C. § 1927. As grounds for this motion, Branum states:

## CERTIFICATION OF COMPLIANCE WITH RULE 11

In accordance with Rule 11(c)(2), Fed. R. Civ. P., counsel for Branum provided APV notice that unless it withdrew its Motion for Expenses (Doc. 78) within twenty-one (21) days after service of a draft of this Motion, Branum would file the Motion at the appropriate time. Specifically, on September 28, 2023, Branum's counsel provided notice and a draft of this motion by email to APV.[1] More than twenty-one (21) days have now elapsed, and the Motion for Expenses has not been withdrawn and APV has directly refused.

---

[1] Ex. 1, 9/28/2023 WBK eml. to RJ.

## Summary of Argument

APV and its attorneys filed a motion for costs containing easily disproven allegations that Branum willfully withheld documents in discovery. The Court must therefore determine whether Defendant APV and its attorneys violated their duties under the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 to properly investigate before making unwarranted, false allegations against Branum and her attorneys.

## BACKGROUND

In its Motion for Expenses, APV accused Branum of "willfully failing to produce text messages and screenshots during discovery . . . ."[2] Branum, however, produced all but two of the messages APV accuses her of withholding on June 15, 2023, when she produced the "native format" text messages she found via forensic download, and AGAIN on July 21, 2023 without redactions.[3] In fact, Branum produced even more messages from Lee Autrey than Autrey did.[4] APV's entire Motion thus rests on a false and easily disproven accusation.

It is undeniable, then, that APV could have and should have realized it possessed the documents it now complains Branum withheld before filing its motion. Moreover, APV could have contacted Branum's attorneys prior to filing the renewed Motion to inquire about the missing documents. Instead, APV's counsel attempted to play a game of "gotcha" by asking, in general, whether Branum had any more text messages from Lee

---

[2] Doc. 78, PageID.498.

[3] Doc. 81-1, PageID.636, Ross aff., ¶ 4; Doc. 81-2, PageID.788, Duncan aff., ¶ 3 and at PageID.892-903, Branum v. APV000791-802.

[4] *Id.* at PageID.890-903, Branum v. APV000801-803. Except for the message cut off in the screenshots, the only messages produced by Autrey and not by Branum can be found at Doc. 78-3, PageID.529.

Autrey. The first time Branum and her counsel learned of any "missing" text was from APV's Motion.

As shown in the billing statements APV produced, APV has been drafting a version of its motion for sanctions since May 31, 2023.[5] These statements also show APV's counsel spent an astounding 37.1 hours working on the motion alone.[6] Curiously, however, APV only spent 3.3 hours (with a paralegal) reviewing Branum's supplemental productions to determine the completeness of Branum's responses.[7] Clearly, APV's counsel should have spent more time reviewing documents and less time drafting endless motions for sanctions, given it complains Branum did not produce documents it possessed since June 15, 2023.[8]

When APV's counsel reviewed the messages it received from Lee Autrey via subpoena, it learned of the existence of a text message that was missing from a gap in the screenshots taken by Branum of her messages with Autrey. They immediately jumped to the conclusion that Branum was willfully withholding the text. APV's counsel should have, instead, stopped to think about why such a text message might exist on Lee Autrey's device and not Ashley Branum's. They should have taken Plaintiff's counsel's assertion that some of these text messages may exist only as screenshots, if at all, at face value like any other attorney would under the circumstances. Instead, APV and its counsel

---

[5] Doc. 78-6, PageID.584.

[6] *Id.* at PageID.584; 588; 590-91; 596-97; 601-04; 606-09.

[7] *Id.* at PageID.602.

[8] Doc. 81-1, PageID.636, Ross aff., ¶ 3; *id.* at Ex. B, PageID.781, June 15, 2023 Ross eml. to Johnson & Zarzour; *id.* at PageID.740-751, June 15, 2023 Production at Branum v. APV000791-802.

immediately drafted another motion for expenses filled with falsehoods despite possessing the documents it complains were missing for over 3 months now.

Standing alone, that the "gap" exists in the version produced by Branum and not in the version produced by Lee Autrey proves nothing. Branum took screenshots of these text messages to the best of her ability at the time she received/sent them or close to it.[9] She was not attempting to preserve everything pursuant to a court order or discovery obligation at that time because she had not yet filed any case.[10] Thereafter, the original messages between her and Lee Autrey that are the subject of the screenshots were deleted in some fashion.[11]

Branum did not withhold anything; the very nature of screenshots and phones meant that when she screenshotted that particular text at that particular time, part of the message was cut off and Branum did not think there was anything of importance in that small gap because she was making every effort to save important texts.[12] That Lee Autrey's screenshots of the same messages contain an additional text proves nothing other than that Branum did not and has not possessed the text, like she affirmed to the Court numerous times.

Moreover, the text in question simply affirms facts already known to APV. Branum fails to see how her statement "It's not the first time!" when discussing Zislin's rape is a

---

[9] Doc. 81-3, PageID.905, Branum aff., ¶ 2.

[10] *Id*. See also Doc. 78-3, PageID.529, which shows Branum was not concerned with a civil lawsuit at the time of the text, undercutting any accusations of spoliation. Moreover, these "missing texts" are entirely consistent with—and helpful to—Branum's position in this lawsuit. It would make no sense for her to withhold helpful texts.

[11] Doc. 81-3, PageID.905, Branum aff., ¶ 3.

[12] *Id*. at ¶ 4.

revelation of great import, given Dr. Barbara Ziv's report—produced to APV—contains discussion of a sexual assault that occurred prior to the rape perpetrated by Shaul Zislin.[13]

Further, APV states in its Motion that "Plaintiff revealed for the first time [at the April 27, 2023 hearing] that some of the 'text messages' in question were actually screenshots."[14] Branum did no such thing, and the fact APV cites to the correct record while misrepresenting it evidences why discovery is still an ongoing issue for the Court. Branum's counsel instead revealed that the text messages they possessed from her "only existed as screenshots." Thus, Branum's counsel could not verify to APV if the text messages existed in any other format. That the text messages were in fact screenshots is readily apparent from how they look.

APV also states "Plaintiff asserted her phone would be forensically downloaded by June 9, 2023. She did not explain the need for a second download given her assertion to the Court on May 25, 2023, that her phone had already been downloaded."[15] Branum, however, explained in open court on June 8, 2023, that the original download data was corrupted. Again, on July 20, 2023, Branum filed a Status Report with the Court explaining the original download became corrupted and had to be redone, causing delays.[16] As well, APV mentions the production Branum made on June 15, 2023, with "unexplained redactions,"[17] but does not also mention that Branum produced these text

---

[13] *Id*. at ¶ 5.

[14] Doc. 78, PageID.500.

[15] *Id*. at PageID.423 n.5.

[16] Doc. 62, PageID.409.

[17] Branum explained the redactions were for personal messages unresponsive to requests made by APV.

BRANUM'S RESPONSE TO ALABAMA POINT VENUE'S MOTION FOR EXPENSES

messages without redaction on July 21, 2023, over a month prior to APV filing this Motion.[18]

In all, APV's Motion is filled with half-truths, misrepresentations, and outright falsehoods. APV should have reviewed the documents Branum produced in good faith instead of reviewing them for "gotcha" reasons. Despite pointing all of the above out to APV and its Counsel, they have refused to withdraw their motion.[19]

## LEGAL STANDARD

### a. Standard for Sanctions Under Rule 11

Rule 11 of the Federal Rules of Civil Procedure places specific obligations on each attorney that signs a "'written motion . . . ."[20] One of these obligations is to certify, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the factual contentions" in a motion "have evidentiary support."[21] In other words, an attorney, by signing a written motion, certifies that the factual contentions they are making on behalf of a party are true after exhausting all reasonable avenues of inquiry.

A court appropriately awards Rule 11 sanctions when a party asserts allegations that have "no reasonable factual basis" or show "deliberate indifference to obvious facts."[22] Importantly, Rule 11 requires counsel not only to avoid making affirmative

---

[18] Doc. 81-2, PageID.904, Duncan aff. at Ex. B., 7/21/2023 Duncan eml. to APV.

[19] Ex. 2, Correspondence from APV to Branum RE: Withdrawal of Motion for Expenses.

[20] Fed. R. Civ. P. 11(b).

[21] *Id.* at 11(b)(3).

[22] *Baker v. Anderson*, 158 F.3d 516, 524 (11th Cir. 1998).

misrepresentations to the court, but to engage in a reasonable inquiry to confirm the veracity of all factual representations advanced in their pleadings.[23] Moreover, a party's continued insistence upon a position that is no longer tenable is sanctionable conduct.[24]

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."[25] Such a motion "demands a two-step inquiry, which requires a determination as to (1) whether the challenged contention is objectively frivolous; and, if so, (2) whether a reasonable inquiry would have revealed that the contention was frivolous."[26]

"The objective standard for testing conduct under Rule 11 is reasonableness under the circumstances and what was reasonable to believe at the time the pleading was submitted." [27] " "If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound."[28] "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis, because it is supported by no evidence or only by 'patently frivolous' evidence.'"[29]

---

[23] *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996) ("An attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit.")

[24] *Battles v. City of Ft. Myers*,

[25] *Martin v. Allied Interstate*, LLC, 192 F. Supp. 3d 1296, 1309 (S.D. Fla. 2016) (*quoting* FED. R. CIV. P. 11(c)(2)).

[26] *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995).

[27] *Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1340–41 (11th Cir. 2018) (*quoting Baker*, 158 F.3d at 524).

[28] *Worldwide Primates*, 87 F.3d at 1254 (citation omitted).

[29] *Collar*, 2018 U.S. Dist. LEXIS 112086, at *30 (*quoting Davis v. Carl*, 906 F.2d 533,

### b. Standard for Sanctions under 28 U.S.C. § 1927

A court may sanction a party's attorneys if their conduct "so multiplies the proceedings in any case unreasonably and vexatiously . . . ."[30] Sanctions may include "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[31] The plain language of the statute thus imposes three requirements for an award of sanctions:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[32]

The Eleventh Circuit has "consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'"[33]

A court determines bad faith based on an attorney's objective and not subjective intent.[34] Thus, the statute requires no finding of subjective malice or ill intent to award sanctions; only reckless acts that "grossly deviate[] from reasonable conduct."[35]

### ARGUMENT

---

535–37 (11th Cir. 1990)).

[30] 28 U.S.C. § 1927.

[31] *Id.*

[32] *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006) (*quoting Avrirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)).

[33] *Id.*

[34] *Id.*

[35] *Id.* at 1191.

1. **APV's Motion for Costs advances false factual allegations that could not have resulted from a reasonable inquiry.**

As noted above, "[w]hen faced with a motion for Rule 11 sanctions, a district court must determine 'whether the [non-movant]'s claims are objectively frivolous' and 'whether the person who signed the pleadings should have been aware that they were frivolous.'"[36] "If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound."[37] "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis, because it is supported by no evidence or only by 'patently frivolous' evidence."[38]

Here, APV and its counsel make multiple frivolous factual statements in APV's Motion for Fees:

| APV Allegation | Branum Response |
|---|---|
| "On August 23, 2023 counsel for witness Lee Autrey produced 15 pages of text messages between Lee Autrey and Plaintiff showing for the first time additional text messages that Plaintiff either failed to produce due to egregious error or specifically withheld these messages despite being Ordered to | APV offered no evidence that Plaintiff and her counsel withheld any texts, other than the existence of texts on Lee Autrey's phone but not Branum's. Yet, APV and its counsel accused Branum of withholding this text. |

---

[36] *A.L. v. Jackson Cnty. Sch. Bd.*, 652 F. App'x 795, 797 (11th Cir. 2016) (*quoting Baker*, 158 F.3d at 524).

[37] *Worldwide Primates*, 87 F.3d at 1254 (citation omitted); *see also Williams*, 2008 U.S. Dist. LEXIS 82916, at *5.

[38] *Collar*, 2018 U.S. Dist. LEXIS 112086, at *30 (*quoting Davis v. Carl*, 906 F.2d 533, 535–37 (11th Cir. 1990)).

| | |
|---|---|
| produce the same. The text messages withheld by Plaintiff are highly significant and relevant to Plaintiff's allegations."[39] | |
| "Plaintiff stated that each redaction was for 'privacy' reasons without any further detail and without production of a privilege log."[40] | Branum ultimately produced all documents without redaction, and provided a privilege log, prior to APV filing its Motion. |
| "She did not explain the need for a second download given her assertion to the Court on May 25, 2023 that her phone had already been downloaded."[41] | Branum explained in open court on June 8, 2023, that the original download data was corrupted. Again, on July 20, 2023, Branum filed a Status Report with the Court explaining the original download became corrupted and had to be redone, causing delays.[42] |
| "Ultimately . . . the Court granted Defendant's motion to compel on this issue, and Plaintiff was ordered to produce all missing text messages with Lee Autrey. (Doc. 44, PageID.354). Plaintiff failed to produce any additional text messages or cure the gaps identified. Instead, on July 10, 2023, Plaintiff produced the same text messages produced earlier in December 2022, but in a clearer version. As such, undersigned was left to assume that (1) | Branum produced more than just "the same text messages produced earlier in December 2022, but in a clearer version." She gave APV all but one of the messages it accuses her of withholding on June 15, 2023, when she produced the "native format" text messages she found via forensic download, and AGAIN on July 21, 2023 without redactions.[44] Thus, undersigned was **NOT** "left to assume . . . there were no additional relevant |

---

[39] Doc. 78, PageID.503.

[40] Doc. 78, PageID.502.

[41] *Id.* at n.2.

[42] Doc. 62, PageID.409.

[44] Doc. 81-1. PageID.636, Ross aff., ¶ 4; Doc. 81-2, PageID.788, Duncan aff., ¶ 3 and at PageID.892-903, Branum v. APV000791-802.

| | |
|---|---|
| there was no statement by either Autrey or Plaintiff in between pages 90 and 91, and (2) there were no relevant communications between Autrey and Plaintiff after June 6, 2018."[43] | communications after June 6, 2018." |
| "Autrey's production also revealed that she and Plaintiff had at least 6 additional pages of relevant text message communications after June 2018 that were all withheld by Plaintiff. Specifically, the withheld text message communications are highly relevant . . . ."[45] | Except for the message cut off in the screenshots, the only messages produced by Autrey and not by Branum can be found at Doc. 78-3, PageID.529. The contents of the messages discuss Branum's claims but are not "highly relevant" in that they will make or break either party's case. Instead, Branum's message to Autrey discusses her feelings and worries about being included as a member of the EEOC class action against APV and what it might mean for her life moving forward. These messages are, in fact, helpful to Branum. |
| "Plaintiff either specifically withheld the highly relevant admission and communications to better her case, or Plaintiff's counsel failed to fully investigate these issues with their client and produce the information sought and ordered by the Court."[46] | Again, APV offered no evidence that Plaintiff and her counsel withheld any texts, other than the existence of texts on Lee Autrey's phone but not Branum's. Yet, APV and its counsel accused Branum of withholding messages it should have known she did not withhold. |

Each of the above are serious allegations. Consequently, APV and its counsel should have—but did not—put forth reasonable effort to determine if evidence actually backed

---

[43] Doc. 78, PageID.504.

[45] *Id.*

[46] *Id.* at PageID.505.

these allegations.

APV and its counsel knew or should have known that Branum produced the documents on June 15, 2023, as soon as it reviewed them. The billing statements APV produced to the Court show it and its attorneys utilized a single paralegal to review the documents produced by Branum for a total of 3 hours.[47] This is insufficient for basic document review, much less reviewing documents for the express purpose of accusing another party of wrongdoing. "By filing a frivolous motion based on statements that [APV and its Counsel] knew or should have known (by checking [their] own records) were false, [they] obstructed the litigation and grossly deviated from the conduct of a reasonable attorney."[48]

Accordingly, this Court must sanction APV and its attorneys for violating Rule 11 by filing false and misleading statements in APV's Motion for Fees when they knew or should have known the statements were false.

## 2. APV's attorneys should be sanctioned under 28 U.S.C. § 1927 for recklessly filing APV's Motion for Costs in bad faith.

As noted above, a party seeking sanctions under 28 U.S.C. § 1927 must prove: (1) the attorney engaged in unreasonable and vexatious conduct; (2) the conduct multiplied the proceedings; and (3) the fees sought bear a nexus to the excess proceedings caused by the attorney.[49] In this case:

| **APV's Counsel engaged in** | APV's attorneys accused Branum of |

---

[47] Doc. 78-6, PageID.602.

[48] *Oliva v. NBTY, Inc.*, 583 F. App'x 877, 881 (11th Cir. 2014).

[49] *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2006).

| | |
|---|---|
| **unreasonable and vexatious conduct.** | intentionally withholding documents in discovery—despite possessing evidence to the contrary—in their Motion for Fees. APV's attorneys also refused to strike the Motion after being given a chance under the Rule 11 safe harbor.[50] |
| **The conduct multiplied the proceedings.** | But for the misconduct of APV's attorneys, Branum would not have had to respond to APV's Motion for Fees, draft a Rule 11 safe harbor letter, draft this motion, etc. |
| **The fees sought bear a nexus to the excess proceedings caused by the attorney.** | The fees sought by Branum all relate to the above-described actions Branum's counsel had to take to respond to the conduct of APV's counsel. |

Particularly, federal courts consider "unfounded attacks on the ethics and credibility" of others as unreasonable and vexatious conduct that warrants sanctions under 28 U.S.C. § 1927.[51] "Flippant, unfounded accusations of misconduct and fraud by opposing counsel . . . demean the profession and impair the orderly operation of the judicial system. . . . Such behavior warrants punishment."[52]

---

[50] Ex. 2, Correspondence from APV to Branum RE: Withdrawal of Motion for Expenses.

[51] *Xiao Wei Catering Linkage in Inner Mong. Co., Ltd.*, 2018 U.S. Dist. LEXIS 54488, at *17-18; *Cavelle v. Chi. Transit Auth.*, No. 17-cv-5409, 2020 U.S. Dist. LEXIS 5050, at *21 (N.D. Ill. Jan. 13, 2020); *Simu v. Carvalho (In re Carvalho)*, Nos. 15-00646 (Chapter 7), 16-10001, 2019 Bankr. LEXIS 3098, at *118 (Bankr. D.D.C. Sep. 30, 2019) (unfounded attacks against others multiply proceedings "in a vexatious and unreasonable fashion).

[52] *In re Lisse*, 921 F.3d 629, 644 (7th Cir. 2019) (ordering sanctions under 28 U.S.C. § 1927, including suspending the attorney from practicing law in the district). See also *Xiao Wei Catering Linkage in Inner Mong. Co., Ltd. v. Inner Mong. Xiao Wei Yang USA, Inc.*, No. 15-10114-DJC, 2018 U.S. Dist. LEXIS 54488, at *17 (D. Mass. Mar. 30, 2018). (*See also Balerna v. Gilberti*, 281 F.R.D. 63, 70 (D. Mass. 2012) (Rule 11 sanctions warranted where counsel made false accusations against opposing counsel); *McGarry v. Geriatric*

Here, APV's counsel cavalierly filed a Motion containing "unfounded attacks on the ethics and credibility" of Branum and her counsel. They knew or should have known the statements they made in APV's Motion for Fees were false, as discussed above.

"If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith."[53] Nothing could be more egregious in a court than accusing someone of intentional wrongdoing without an adequate basis in fact. As the Seventh Circuit Court of Appeals stated, "Flippant, unfounded accusations of misconduct and fraud by opposing counsel . . . demean the profession and impair the orderly operation of the judicial system. . . . Such behavior warrants punishment."[54]

This Court should therefore sanction APV's counsel under 28 U.S.C. § 1927 for their role in filing APV's Motion.

## CONCLUSION

Given the above, this Court must sanction Defendant APV and its Counsel for violating Rule 11. Moreover, this Court should sanction APV's counsel under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying discovery proceedings in bad faith.

                                                           */s/ W. Bradford Kittrell*
                                                           W. Bradford Kittrell (KITTW3444)

---

*Facilities of Cape Cod, Inc.*, No. 10-11343-GAO, 2011 U.S. Dist. LEXIS 69184, at *2 (D. Mass. June 28, 2011)).

[53] *Purchasing Power, LLC v. Bluestem Brands, Inc.*, No. 1:12-cv-258-WSD, 2015 U.S. Dist. LEXIS 129464, at *50 (N.D. Ga. Sep. 25, 2015) (*citing Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).

[54] *In re Lisse*, 921 F.3d at 644.

> Brett W. Aaron (asb-7508-t50h)
> ANDY CITRIN INJURY ATTORNEYS, P.C.
> Post Office Box 2187
> 1703 Main Street
> Daphne, Alabama  36526
> Telephone:  (251) 888-8400
> Facsimile:  (251) 888-8000
> brad@citrinlaw.com
> brett@citrinlaw.com

## **CERTIFICATE OF SERVICE**

    I HEREBY certify that on this 25th day of October, 2023, I have served a copy of the foregoing materials on all counsel of record using the CM/ECF filing system, which will send notification of same to all counsel of record:

Richard Johnson, Esq.
Breanne Zarzour, Esq.
Caleb Diaz, Esq.
**PHELPS DUNBAR LLP**
richard.johnson@phelps.com
brie.zarzour@phelps.com
caleb.diaz@phelps.com
*Attorneys for Defendant Alabama Point Venue,*
*LLC d/b/a The Gulf*

> /s/ W. Bradford Kittrell
> OF COUNSEL