# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY BRANUM,           ) | |
|     Plaintiff,           ) | |
|                           ) | |
| v.                       ) | CIVIL ACTION NO. 1:22-00313-JB-N |
|                           ) | |
| ALABAMA POINT VENUE, LLC,) | |
|     Defendant.          ) | |

## ORDER

This action is before the Court on two motions to quash filed Defendant Alabama Point Venue on April 17, 2024, relating to deposition notices issued by Plaintiff on April 25, 2024. (Docs. 108, 108-1, 109, 109-1).[1] Upon consideration and for the reasons stated herein, both motions are **DENIED as moot**.

Plaintiff initiated this action in August 2022, and an initial Fed. R. Civ. P. 16(b) scheduling order was entered November 10, 2022. (Doc. 18). Originally, discovery was set to close August 4, 2023, dispositive motions and expert challenges were due by September 11, 2023, and a jury trial was set during the February 2024 civil term. Each of these deadlines, and others, have been extended on more than one occasion. (Docs. 44, 48, 65, 68, 104).

Under the Rule 16(b) order governing this action (Doc. 18, as previously modified in part by Docs. 44, 48, 65, 68, 104), "[a]ll discovery must be completed no later than **February 6, 2024**." (*See* Doc. 68, PageID.444). The provisions of the

---

[1] The assigned District Judge has referred these motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (4/18/2024 elec. ref.).

original scheduling order (Doc. 18) have been expressly incorporated into each order modifying this deadline. (Doc. 48, PageID.368; Doc. 68, PageID.447). One such provision addresses what it means for discovery to be "completed" and explains:

> For all civil actions, "completed" means that all interrogatories, requests for admission, requests for production, requests for entry onto property, and subpoenas have been served and responded to; physical inspections and testing concluded; physical and mental examinations concluded; experts' reports exchanged; all depositions, including experts' depositions and depositions to preserve testimony for trial, taken; and motions to compel timely filed and served to give adequate time for the Court to consider them.

(Doc. 18, PageID.59). That same provision references S.D. Ala. CivLR 26(c), which provides:

> All discovery, including the filing of motions to compel, must be completed before the date established in the Rule 16 Scheduling Order. Completion of discovery means that discovery (including depositions to preserve testimony for trial) must be scheduled to allow depositions to be completed, interrogatories and requests for admission to be answered, and documents to be produced before the deadline and in accordance with the provisions of the Federal Rules of Civil Procedure. For good cause, which typically requires a showing that the parties have diligently pursued discovery, the Court may extend the time during which discovery may occur or may reopen discovery.

*Id*.

Two additional provisions of the Rule 16(b) order relating to discovery motions are also relevant here. First, § 10(b) states they "shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court…unless exceptional or exigent circumstances exists." (Doc. 18, PageID.64). The order then emphasizes, "**[i]n no event shall such a motion be filed *after* the close of discovery unless good cause is shown under Fed. R.**

2

**Civ. P. 16(b)(4)**." (*Id.*) (emphasis in original). Second, § 10(a) sets out, in exacting detail, this Court's standards and expectations for good faith conferencing by counsel and certification of attempts to avoid court intervention as a prerequisite for any discovery motion. (Doc. 18, PageID.62-63). *See* S.D. Ala. CivLR 37 (requiring good faith certification for discovery motions).

Moreover, on February 14, 2024 (eight days after discovery had closed),[2] the parties moved for extension of their deadlines to file dispositive motions and challenge experts. (Doc. 103). At that time, those deadlines were set for February 27, 2024. (Doc. 68). Their motion made no mention of the fact that their discovery deadline had passed and explained an extension was sought "to give the Parties the ability to conduct [expert] depositions in the event [a March 14, 2024 mediation] is unsuccessful." (Doc. 103). They also admitted they "ha[d] not yet conducted expert depositions in light of the mediation currently scheduled." (*Id.*). Based in part on this admission that expert depositions had not been completed within the time allotted by the Rule 16(b) order, the undersigned saw no reason why they would need an extension on their deadline to challenge such experts and denied the motion in this respect. (Doc. 104). However, the undersigned agreed to extend their dispositive motions deadline in light of the upcoming mediation, and reset that deadline for March 19, 2024. (*Id.*).

---

[2] The last request by either party to extend the discovery deadline was in August 2023, when they jointly sought an extension of said deadline from October 13, 2023 to December 29, 2023. (Doc. 67). The undersigned granted the motion in part with respect to this request and provided them with 39 more days than asked for. (Doc. 68).

Despite the straightforward terms of the Rule 16(b) order and its subsequent iterations, this Court's Local Rule(s), and the undersigned's February 16, 2024 order, both parties have engaged in discovery beyond the February 6, 2024 deadline. (*E.g.*, Docs. 105, 106, 107). Their doing so has prompted the motions to quash now before the Court.

As the parties are well-aware, district courts are afforded "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents*, 263 F.3d 134, 1269 (11th Cir. 2001) (citations omitted). Rule 16(b) "gives the district court the authority to set a scheduling order limiting the time to complete discovery," which "control[s] the subsequent course of the action unless modified by subsequent order." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16(b)); *Simpson v. Ala. Dep't of Human Res.*, 501 F. App'x 951, 956 (11th Cir. 2012) (per curiam) (same). Moreover, schedule modifications under Rule 16(b)(4) are only permitted "for good cause and with the judge's consent." *See Sosa*, 133 F.3d at 1418 (explaining the "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension'") (citation omitted)). When it comes to compliance with Rule 16(b) orders, this Court has stated in the past:

> Strict adherence to scheduling orders is important… it is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril... Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier… Were the law otherwise, scheduling orders would be trivialized to the point of meaninglessness.

4

*Fuller v. Winn-Dixie Montgomery*, LLC, 2017 U.S. Dist. LEXIS 112777, *4 (S.D. Ala. 2017) (internal citations omitted) (cleaned up). *See also, Glass-Wyble v. Geico Ins. Co.*, 2020 U.S. Dist. LEXIS 157448, *7-8 (S.D. Ala. 2020) (stating the same).

At this stage of the proceedings, and pursuant to the modified Rule 16(b) order governing this action, discovery has been closed for over two months. (*See* Doc. 68). Neither party requested a timely extension of this deadline, wherein good cause and diligence in discovery was demonstrated, nor has either sought a post-hoc extension. Instead, they have simply disregarded the deadline.³ As a result, they "have entered the realm of discovery by consent…and cannot look to this Court to mediate any disputes arising with such discovery." *Ala. v. Ala. Wood Treating Corp.*, 2010 U.S. Dist. LEXIS 33740, *20 (S.D. Ala. Apr. 5, 2010). The *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Discovery Subcommittee (2019) explains on this point:

> The parties may conduct discovery (primarily taking depositions) by agreement after the discovery cut-off; however, *lawyers should be aware that if problems arise during such depositions…the Court may refuse involvement because the depositions are being taken after the discovery cut-off and without the Court's permission…*

*See id.* (https://www.alsd.uscourts.gov/sites/alsd/files/Discovery_Practice.pdf).⁴

---

³ This is not the first deadline to have been seemingly disregarded by these parties. For example, they jointly proposed depositions of Plaintiff's experts by September 29, 2023, Defendant's experts by October 27, 2023, and mediation by October 13, 2023. (*See* Doc. 67). Based on these representations, the undersigned incorporated the date to depose Plaintiff's experts and the date to mediate into a modified Rule 16(b) order. (*See* Doc. 68, PageID.445-46). Both deadlines were not complied with as indicated by their February 14, 2024 joint motion. (*See* Doc. 103) (explaining they "have not yet conducted expert depositions in light of the mediation currently scheduled[]" for March 14, 2024)).

⁴ This document is referenced, and hyperlinked, in the Rule 16(b) order. (*See* Doc. 18, PageID.65).

5

In this case, for reasons explained above, the undersigned declines to intervene. Even if the undersigned were inclined to do so, there has been no showing of good cause for the untimely motions, nor a demonstration of the exceptional or exigent circumstances necessary to prompt the Court's intervention. Simply put, the parties have chosen to operate outside the bounds of the discovery limits set by the Court, and the undersigned will not step in to save them.

Finally, even if these motions were timely, they are otherwise improper and due to be denied or stricken because neither contains a good-faith certification. (Doc. 18, PageID.62-63). *See* S.D. Ala. CivLR 37.[5]

The parties are reminded that they are scheduled for a final pre-trial conference before Chief United States District Judge Jeffrey U. Beaverstock on July 16, 2024 at 10:00 a.m. and are scheduled for a jury trial during this Court's August 2024 civil term. (*See* Doc. 68, PageID.443-44).

For the reasons stated herein, Defendant's motions (Docs. 108, 109) are **DENIED as moot**.

**DONE** and **ORDERED** this the 19th day of April 2024.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Defendant is aware of this requirement, as a previous discovery motion lacking the good-faith certification requirement was stricken for this very reason. (*See* Docs. 27, 28).